# IN THE DISTRICT COURT OF THE UNITED STATES

## for the Western District of New York

_____

| | |
|---|---|
| | June 2021 GRAND JURY<br>(Impaneled 06/04/2021) |
| **THE UNITED STATES OF AMERICA** | **INDICTMENT** |
| *-vs-* | Violations:<br>Title 18, United States Code,<br>Sections 912, 1001(a)(2), and 1343<br>(27 Counts and Forfeiture Allegation) |
| **DAVID J. ERHARDT** | |

### COUNTS 1-24

**(Wire Fraud)**

The Grand Jury Charges That:

**Scheme and Artifice to Defraud**

1. Between in or about May 2016, the exact date being unknown, and on or about July 6, 2021, in the Western District of New York, and elsewhere, the defendant, DAVID J. ERHARDT, did devise, and intend to devise, a scheme and artifice to defraud Victim 1, a person known to the Grand Jury, and to obtain money and property from Victim 1 by means of false and fraudulent pretenses, representations, and promises.

**Object of the Scheme and Artifice**

2. The object of the scheme and artifice was for the defendant, DAVID J. ERHARDT, to fraudulently obtain money from Victim 1 for his personal use.

**Manner and Means of the Scheme and Artifice**

3. The manner and means by which the scheme and artifice was sought to be accomplished included, among others, the following:

4. In or about May 2016, the exact date being unknown, the defendant, DAVID J. ERHARDT, entered into a romantic relationship with Victim 1.

5. Between in or about May 2016, the exact date being unknown, and on or about July 6, 2021, the defendant, DAVID J. ERHARDT, falsely informed Victim 1 that he and his spouse had divorced in March 2016.

6. In or about September 2017, the exact date being unknown, the defendant, DAVID J. ERHARDT, falsely informed Victim 1 that he had obtained employment with the Department of Homeland Security.

7. Between in or about 2018, and in or about 2019, the exact dates being unknown, the defendant, DAVID J. ERHARDT, falsely informed Victim 1 that through his employment with the Department of Homeland Security, he was responsible for a fictitious center located in or near Niagara Falls, New York that housed child trafficking victims. Victim 1 gave the defendant, DAVID J. ERHARDT, art supplies and musical instruments to donate to the fictitious child trafficking victims. The defendant, DAVID J. ERHARDT,

accepted the art supplies and musical instruments on behalf of the fictitious children and falsely informed Victim 1 that the fictitious children enjoyed the donations.

8. On or about August 24, 2018, the defendant, DAVID J. ERHARDT, proposed to Victim 1 that she marry him. The defendant, DAVID J. ERHARDT, and Victim 1 scheduled a wedding for September 21, 2019. The defendant, DAVID J. ERHARDT, and Victim 1 postponed the wedding after the defendant, DAVID J. ERHARDT, falsely informed Victim 1 that he suffered an injury while working for the Department of Homeland Security.

9. Between in or about 2017 and in or about February 2020, the exact dates being unknown, the defendant, DAVID J. ERHARDT, made false and fraudulent statements designed to, and which did, cause Victim 1 to believe that the defendant, DAVID J. ERHARDT, needed money to pay certain expenses of his, namely, medical expenses and expenses relating to the settlement of his deceased father's will.

10. Between on or about February 1, 2018, and on or about February 21, 2020, Victim 1 wrote and gave the defendant, DAVID J. ERHARDT, approximately twenty-four checks totaling approximately $72,839 in United States currency that were drawn from Victim 1's Merrill Lynch cash management account.

11. Between on or about February 2, 2018, and on or about February 21, 2020, the defendant, DAVID J. ERHARDT, presented each of the twenty-four checks to KeyBank branches located in the Western District of New York to cash and deposit into a KeyBank account which he jointly owned and controlled. KeyBank cashed and deposited each of the twenty-four checks on behalf of the defendant, DAVID J. ERHARDT.

12. The defendant, DAVID J. ERHARDT, falsely informed Victim 1 that he would reimburse her for the twenty-four checks he received from Victim 1.

13. On or about July 3, 2020, the defendant, DAVID J. ERHARDT, wrote and gave Victim 1 a check for $91,000 payable from his KeyBank account with the notation "Payoff" written on the memo line. At the time this check was written, the defendant's KeyBank account had insufficient funds to cover the $91,000 check. Victim 1 gave the check to her mother. The defendant, DAVID J. ERHARDT, retrieved the check from Victim 1's mother before Victim 1 could attempt to cash the check.

14. On or about September 28, 2020, the defendant, DAVID J. ERHARDT, wrote and gave Victim 1 a check for $171,000 from his M&T bank account with the notation "Payoff" written on the memo line. Victim 1 deposited this check into her Merrill Lynch cash management account, but the check did not clear and was returned for insufficient funds.

15. In or about June 2020, the exact date being unknown, the defendant, DAVID J. ERHARDT, informed Victim 1 that he did not work for the Department of Homeland Security and falsely informed Victim 1 that that he actually worked for the Central Intelligence Agency ("CIA") or a subsidiary of the CIA.

16. Between in or about September 2020 and in or about December 2020, the exact dates being unknown, the defendant, DAVID J. ERHARDT, falsely informed Victim 1 that he had stopped working for the CIA due to health reasons.

**Execution of Scheme and Artifice**

17. On or about the dates set forth below, in the Western District of New York, and elsewhere, the defendant, DAVID J. ERHARDT, for the purpose of executing the scheme and artifice, did transmit, and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, that is, electronic communications from a KeyBank branch located in the Western District of New York to the Federal Reserve in Atlanta, Georgia for each of the twenty-four checks that the defendant, DAVID J. ERHARDT, received from Victim 1 and presented to KeyBank branches located in the Western District of New York to cash and deposit into a KeyBank account which he jointly owned and controlled:

| COUNT | DATE OF DEPOSIT | AMOUNT OF CHECK |
|---|---|---|
| 1 | February 2, 2018 | $1,200 |
| 2 | April 16, 2018 | $1,800 |
| 3 | June 15, 2018 | $400 |
| 4 | January 25, 2019 | $5,000 |
| 5 | January 25, 2019 | $5,000 |
| 6 | February 28, 2019 | $2,800 |
| 7 | May 7, 2019 | $700 |
| 8 | May 14, 2019 | $800 |
| 9 | June 11, 2019 | $800 |
| 10 | June 19, 2019 | $5,000 |

| 11 | July 10, 2019 | $3,989 |
| --- | --- | --- |
| 12 | July 25, 2019 | $3,000 |
| 13 | August 8, 2019 | $2,400 |
| 14 | August 23, 2019 | $2,300 |
| 15 | September 5, 2019 | $2,000 |
| 16 | October 17, 2019 | $950 |
| 17 | November 8, 2019 | $1,000 |
| 18 | November 14, 2019 | $750 |
| 19 | November 26, 2019 | $1,900 |
| 20 | December 23, 2019 | $400 |
| 21 | January 21, 2020 | $200 |
| 22 | January 27, 2020 | $150 |
| 23 | February 13, 2020 | $300 |
| 24 | February 21, 2020 | $30,000 |

**All in violation of Title 18, United States Code, Section 1343.**

## COUNT 25

**(False Personation of an Officer and Employee of the United States)**

**The Grand Jury Further Charges That:**

Between in or about January 2018 and in or about June 2020, the exact dates being unknown, in the Western District of New York, the defendant, DAVID J. ERHARDT, did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent and employee of the Department of Homeland Security,

and in such assumed and pretended character did act as such, in that he falsely stated he was responsible for a fictitious center that cared for child trafficking victims and obtained goods for the fictitious child trafficking victims.

**All in violation of Title 18, United States Code, Section 912.**

## COUNT 26

**(False Personation of an Officer and Employee of the United States)**

**The Grand Jury Further Charges That:**

Between in or about January 2018 and in or about June 2020, the exact dates being unknown, in the Western District of New York, the defendant, DAVID J. ERHARDT, did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is an agent and employee of the Department of Homeland Security, and in such assumed and pretended character did obtain a thing of value on behalf of the United States, to wit, goods for fictitious child trafficking victims.

**All in violation of Title 18, United States Code, Section 912.**

## COUNT 27

**(False Statements)**

**The Grand Jury Further Charges That:**

On or about September 9, 2020, in the Western District of New York, the defendant, DAVID J. ERHARDT, in a matter within the jurisdiction of the executive branch of the Government of the United States, did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations to special agents of the Department

of Homeland Security, Office of Inspector General, and Immigration and Customs Enforcement, Office of Professional Responsibility, in that (1) the defendant denied having sent Victim 1 a paystub purporting to be from homeland security or home security; (2) the defendant denied having sent Victim 1 a picture of an (Homeland Security Investigations) HSI badge; and (3) the defendant stated that the only time he said that he worked for the Department of Homeland Security was during a conversation he had with Person A, a person known to the Grand Jury, whereas in truth and in fact, and as the defendant then and there well knew, (1) the defendant sent Victim 1 a picture of a paystub purporting to be from the "Department of Home Security, 1600 Pen Ave, Washington DC"; (2) the defendant sent Victim 1 a picture of a Homeland Security Investigations (HSI) badge; and (3) the defendant told multiple people, including Person A, that he worked for the Department of Homeland Security.

**All in violation of Title 18, United States Code, Section 1001(a)(2).**

### FORFEITURE ALLEGATION:

**The Grand Jury Alleges That:**

Upon conviction of any of the offenses alleged in Counts 1 through 24 of this Indictment, the defendant, DAVID J. ERHARDT, shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any and all property used, and intended to be used, in any manner or part, to commit or to facilitate the commission of said violations, including, but not limited to the following:

**MONETARY JUDGMENT:**

An amount of United States currency to be determined by the Court and evidenced by a monetary judgment issued by this Court in aforesaid amount. Said judgment amount will accrue interest at the prevailing rate per annum and serve as a judgment and lien against defendant's property, wherever situated until fully satisfied.

**All pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).**

DATED:  Buffalo, New York, September 14, 2021.

                                  JAMES P. KENNEDY, JR.
                                  United States Attorney

BY:    S/JEFFREY T. FIUT
          Special Assistant United States Attorney
          United States Attorney's Office
          Western District of New York
          138 Delaware Avenue
          Buffalo, New York  14202
          716/843-5796
          Jeffrey.Fiut@usdoj.gov

A TRUE BILL:

S/FOREPERSON