IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.  21-CR-147-JLS

DAVID J. ERHARDT,

Defendant.

## PLEA AGREEMENT

The defendant, DAVID J. ERHARDT, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to consent to proceed before a Magistrate Judge and to plead guilty to a one-count Superseding Misdemeanor Information which charges a violation of Title 18, United States Code, Section 701 (unauthorized possession of imitation badge) for which the maximum possible sentence is a term of imprisonment of 6 months, a fine of $5,000, and a mandatory $10 special assessment. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

## II. ELEMENTS AND FACTUAL BASIS

2. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. The defendant manufactured, sold or possessed a badge, identification card, or other insignia, of the design prescribed by the head of any department or agency of the United States for use by any officer or employee thereof, or any colorable imitation thereof; and

   b. Such manufacture, sale, or possession of the badge, identification or insignia was not authorized under regulations made pursuant to law.

## FACTUAL BASIS

3. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On or about August 30, 2020, in the Western District of New York, the defendant, DAVID J. ERHARDT, possessed a United States Homeland Security Investigations badge or colorable imitation thereof without legal authorization.

   b. Specifically, in or about May 2016, the defendant entered into a romantic relationship with Victim 1, and during that relationship, the defendant falsely informed Victim 1 that he had obtained employment with the U.S. Department of Homeland Security. On or about August 30, 2020, the defendant texted Victim 1 a photograph of a United States Homeland Security Investigations badge.

   c. During the period in question, the defendant was not an employee or contractor of the U.S. Department of Homeland Security and had no legal authority to possess a United States Homeland Security Investigations badge or colorable imitation thereof.

2

## III. SENTENCING GUIDELINES

4. The defendant understands that the offense of conviction is a Class B Misdemeanor, and pursuant to Guidelines § 1B1.9, the sentencing guidelines are inapplicable.

5. The defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

6. The defendant will not be entitled to withdraw his plea of guilty based upon the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

7. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

8. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if

3

convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

9. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment.

10. At sentencing, the government will move to dismiss the Indictment in this action.

11. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

4

## VII. APPEAL RIGHTS

12. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within the statutory maximum penalties set forth in Section I, paragraph 1, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

13. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

14. The government waives its right to appeal any component of a sentence imposed by the Court which falls within the statutory maximum penalties set forth in Section I, paragraph 1, above,, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

15. This plea agreement represents the total agreement between the defendant, DAVID J. ERHARDT, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
AARON J. MANGO
Assistant United States Attorney

Dated: July 11, 2022

I have read this agreement, which consists of pages 1 through 6. I have had a full opportunity to discuss this agreement with my attorney, Justin Ginter, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
DAVID J. ERHARDT
Defendant

Dated: July 11, 2022

_____
JUSTIN GINTER, ESQ.
Attorney for the Defendant

Dated: July 11, 2022

6