UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,
                                    *Plaintiff,*

            v.                                    Case Number: 21CR00147-001

DAVID J. ERHARDT,
                                    *Defendant.*

---

## DEFENDANT DAVID ERHARDT'S SENTENCING MEMORANDUM AND LETTERS IN AID OF SENTENCING, OBJECTIONS TO THE PRESENTENCE REPORT

DATED:       Buffalo, New York
             January 20, 2023

                              Respectfully submitted,

                              JUSTIN D. GINTER, ESQ.
                              LIPSITZ GREEN SCIME CAMBRIA LLP
                              Attorneys for Defendant
                              DAVID J. ERHARDT
                              Office and Post Office Address
                              42 Delaware Avenue – Suite 120
                              Buffalo, New York 14202
                              (716) 849-1333
                              jginter@lglaw.com

TO:     AARON MANGO, ESQ.
        ASSISTANT UNITED STATES ATTORNEY
        138 Delaware Avenue
        Buffalo, New York 14202
        (716) 843-5864
        Aaron.mango@usdoj.gov

## PRELIMINARY STATEMENT

On July 11, 2022, David Erhardt appeared, via teleconferencing, before the Honorable H. Kenneth Schroeder, United States Magistrate Judge, waived indictment and pled guilty to a single count Misdemeanor Information charging Unauthorized Possession of Imitation Badge, in violation of 18 U.S.C. § 701. In the Plea Agreement, the parties agree that the offense of conviction is a Class B Misdemeanor and therefore the sentencing guidelines are inapplicable. Defense counsel agrees that Mr. Erhardt's maximum term of imprisonment is six (6) months.

This memorandum is respectfully submitted on Mr. Erhardt's behalf in an effort to provide the court with an accurate depiction of his character and circumstances before the Court makes the important decision regarding his sentencing and his future. Mr. Erhardt respectfully requests that the Court impose a fair and reasonable sentence which is sufficient, but not greater than necessary.

## MR. ERHARDT'S OFFENSE OF CONVICTION

The Court is respectfully directed to Paragraph 18 of the Presentence Report ("PSR"), which provides all the necessary information regarding the instant offense. This memorandum will expand upon only those facts necessary to fully understand Mr. Erhardt's personal history and conduct. Defense counsel does wish to point out, however, that Mr. Erhardt and Victim 1 were in a voluntary relationship with each other beginning in 2016. The crime that Mr. Erhardt has pled to had no bearing on Victim 1's reasons for helping him financially. All monetary exchanges between Mr. Erhardt and Victim 1 were done in the normal course of the relationship, and for legitimate reasons.

It is undisputed that Mr. Erhardt was not truthful regarding his employment. However, Mr. Erhardt never used his fictitious position as a law enforcement officer to influence Victim 1 in any way. Mr. Erhardt has done nothing but accept responsibility for his poor decision. He knows that he only has himself to blame for the unfortunate position he is in today.

2

## MR. ERHARDT'S PERSONAL HISTORY

Mr. Erhardt was born November 15, 1969, in Schenectady, New York. He currently resides with his wife at 50 Maple Road, Blasdell, New York, and has maintained this residence since 2002. Mr. Erhardt's mother and two siblings all reside in Louisville, Kentucky. He shares a positive relationship with his family who are aware of the instant offense.

Mr. Erhardt married his wife, Renee Erhardt, in 2014. The two have no children together but Renee does have two children from a prior relationship and Mr. Erhardt has one son from a prior relationship. Mr. Erhardt has a positive relationship with his stepchildren but has no contact with his biological son.

After his family moved to Buffalo, Mr. Erhardt attended Orchard Park High School and graduated in 1988. Mr. Erhardt maintains that he attended college at Buffalo State and the University of Louisville after his High School graduation. Mr. Erhardt is a prime example of what it means to be a blue-collar hardworking individual. He has always held a job and ensured that his family is well taken care of.

From 1988 until 2017, Mr. Erhardt worked as a full-time Manager of Fine Arts for a Boston Valley Terracotta in Boston, New York. He was laid off in 2017, but immediately began working for Switek Studios in Clarence, New York. From 2018 until 2022, Mr. Erhardt worked for several construction companies until he was fired due to the instant offense. Thankfully, he was hired in April of 2022 by Patterson Stevens Construction as a full-time foreman. Todd Dowling, Mr. Erhardt's supervisor and the Vice President of Patterson Stevens, wrote a character letter to the Court to express how valuable Mr. Erhardt is to the company. He wrote:

> In his short term here, David has already been promoted to job foreman. He is responsible for the project work schedule, managing employees, resolving disputes and communicating with clients. He has proven himself to be competent, capable and trustworthy. In

3

> addition, David is extremely reliable and truly cares about the
> quality of work he performed. He is an asset to this company.

We respectfully ask the Court to consider Mr. Erhardt's reputation as a hardworking, reliable and caring man when choosing his sentence. He wants to be able to show how determined he is to get his life back on track and get back to work. Especially, Mr. Erhardt wants nothing more than to stay home with his family while he continues to          . They have and will continue to be a strong support system for him during this time. Mr. Erhardt is eager to show the Court the man he truly is.

## MR. ERHARDT'S ACCEPTANCE OF RESPONSIBILITY

While Class B Misdemeanors are not subject to the usual sentencing guidelines, Mr. Erhardt has indicated to counsel his utmost remorse and acceptance of responsibility for his crime of conviction.

Mr. Erhardt has embarrassed and hurt not only the community, but his own family as well. However, his family still supports him and will continue to do so. The future does look better for Mr. Erhardt and his family because he has taken an introspective look at himself. He did not like what he saw with respect to his choices in life, and now understands now that only he can do what is necessary in order to be a better person and husband.

## LETTERS IN AID OF SENTENCING

Attached hereto are letters counsel has received on Mr. Erhardt's behalf. The letters are intended to advise the court of the person Mr. Erhardt truly is. Each letter, as the Court will notice, does explain how the instant offense is "extremely out of character" for Mr. Erhardt. This has, no

doubt, been a difficult time for his family. However, Mr. Erhardt has advised that his arrest in many ways helped give him a new perspective as to the kind of person he is capable of becoming.

## SENTENCING CONSIDERATIONS

As indicated above, Mr. Erhardt has shown remorse for his prior criminal acts. He fully understands his action that brought him before Your Honor can never be condoned. It is doubtful that he will ever forget the damage that he has caused to many others. We are not asking the Court to overlook what Mr. Erhardt did in the past. However, we ask the Court to see the person he can be. Mr. Erhardt has come such a long way towards the realization that honesty and hard work are key components needed to be successful in life. As the courts have recognized:

> It has been uniformly constant in the federal judicial system for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. *Coon v. United States*, 518 U.S. 81, 113 (1996). Underlining this tradition is the principle that "the punishment should fit the offender and not merely the crime." *Williams v. New York*, 337 US 241, 247 (Pennsylvania, ex. Rel. *Sullivan v. Hase*, 302 U.S. 51, 55 (1937). ("for the determination of sentences justice generally requires consideration of more than the particular acts by which the crime was committed and there be taken into account the circumstances of the offense together with the character and propensities of the offender"). *Heper v. United States*, 562 U.S. 476 (2011).

As is always the case, 18 USC §3553(a)(2) requires that any sentence imposed should reflect the seriousness of the offense: "to promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from crimes of the defendant; provide the defendant with needed education or vocational training medical care or other correctional treatment in the most effective manner." However, the courts have also held that the likelihood that a defendant will "engage in future criminal conduct [is] a central factor that a district court must assess and impose [a] sentence." *Pepper v. United States, supra* at 492. And

6

as well, the sentencing statute requires that a sentence should be "sufficient but not greater than necessary," to meet the ends of justice and the mandates of §3553(a).

At first blush, it would be easy to paint Mr. Erhardt as a selfish man who thought only about himself. However, we hope that Mr. Erhardt will not, in the future, be defined only by that conduct. Rather, by accepting responsibility and doing what was right, Mr. Erhardt has furthered his quest toward a normal life. Today, it does appear that he is a changed person. Indeed, it has been suggested that "this court has consistently held that a court's duty is always to sentence the defendant as he stands before the court on the date of sentencing." *United States v. Core*, 125 F3d 74, 77 (2d Cir., 1997); *United States v. Bryson*, 229 F3d 425, 426 (2d Cir., 2000).

By this sentencing memorandum, counsel is not requesting that the Court, in any way, forgive Mr. Erhardt for his poor choices. He understands that his criminal conduct has hurt many people. To that extent, as he indicates, he is not the only one who has been affected by his conduct. He knows that his family has been adversely affected by what he chose to do. It does appear that Mr. Erhardt is dedicated to being a productive member of society as well as a supportive husband and family man.

### OBJECTIONS TO THE PRESENTENCE REPORT ("PSR")

Consistent with the Local Rules for the Western District of New York, counsel for the defendant has discussed with probation and the government various objection to the presentence report. These objections and clarifications are the remaining open issues.

As noted above, Mr. Erhardt accepts full responsibility for his crime of conviction. Nevertheless, Mr. Erhardt objects to any statement or insinuation that he used his fictitious position with the Department of Homeland Security to in any way influence Victim 1.

- Paragraph 6: Mr. Erhardt maintains that he never provided family members of Victim 1 with a false acquittal letter.

7

- Paragraph 7: Mr. Erhardt maintains that he did in fact attend the University of Louisville.

The defendant objects to the entirety of the "Background" section Paragraphs 9 through 16. Not only are the statements concerning the relationship between Mr. Erhardt and Victim 1 factually inaccurate, any discussion of financial transactions between the parties is irrelevant to the charge before Your Honor.

- Paragraph 17: Mr. Erhardt maintains that he never stated he was responsible for a center that cared for child trafficking victims and that he ever obtained goods for a fictitious child trafficking center.

- Paragraph 19: Mr. Erhardt maintains that he never knowingly and willfully made materially false, fictitious, and fraudulent statements and representations to special agents of the Department of Homeland Security, Office of Inspector General, Immigration and Custom Enforcement, and Office of Professional Responsibility.

As we have indicated, Mr. Erhardt is in no way attempting minimize or avoid responsibility for his participation in the crime which he pled guilty to. On behalf of Mr. Erhardt, counsel is objecting to these portions of the PSR not only because they are factual inaccurate but more importantly because they are irrelevant to the crime for which Mr. Erhardt has pled guilty to.

## CONCLUSION

David Erhardt is a man who lost his way and got caught in a web of lies. Mr. Erhardt, while battling      , has done everything he can to continue to provide for his family and show that his actions are not a reflection of his true character. Mr. Erhardt would be the first to tell you that lying does not solve anyone's life problems. Mr. Erhardt has an immense respect for law enforcement and would like to apologize to all who have been affected by his actions.

Mr. Erhardt has no prior criminal history. While your first time incarcerated would be hard for anyone, it would be especially hard for a man battling      Mr. Erhardt needs to be home focusing on his health while continuing to provide for his family who needs him. Mr. Erhardt has

8

been and will continue to be punished in one form or another for his own conduct. In no way is counsel trying to diminish the significance of his conduct. Rather, we ask the court to consider both who he was, who he is today, and the person he likely will become in the future. It is therefore respectfully requested that the Court sentence Mr. Erhardt accordingly.

DATED:     Buffalo, New York
           January 20, 2023

                              Respectfully submitted,


                              /s/Justin D. Ginter

                              JUSTIN D. GINTER., ESQ.
                              LIPSITZ GREEN SCIME CAMBRIA LLP
                              *Attorneys for Defendant, David Erhardt*
                              42 Delaware Avenue, Suite 120
                              Buffalo, New York 14202
                              (716) 849-1333

# Certificate of Completion

This certificate is awarded to

## David Erhardt

for the successful completion of

Horizon Health Services Substance Use Outpatient Program on

**May 2ⁿᵈ , 2022**



_Nicholas R. Hoffman MA CASAC_

Nicholas Hoffman, MA, CASAC

Union Losson Recovery



# PATTERSON - STEVENS, INC.

400 SAWYER AVENUE     PO BOX 117     TONAWANDA, NY 14151-0117
(716) 873-5300
FAX (716) 873-4094

CONCRETE SPECIALTIES & RESTORATION
AQUATIC FACILITIES
RAILROAD CONSTRUCTION

August 18, 2022

Hon. H. Kenneth Schroeder, Jr.
U.S. District Court
Western District of New York
2 Niagara Square
Buffalo, NY 14202

Re: David Erhardt

Dear Judge Schroeder:

I am writing this letter upon request for my employee David Erhardt. My name is Todd Dowling and I am the Vice President of Patterson-Stevens, Inc. As David's supervisor, I believe I am in position to speak on David's behalf based his tenure at the Company.

David has been employed by the Company since April 25, 2022. In his short term here, he has already been promoted to job foreman. He is responsible for the project work schedule, managing employees, resolving disputes and communicating with clients. He has proven himself to be competent, capable and trustworthy. In addition, David is extremely reliable and truly cares about the quality of work he performed. He truly is an asset to this Company.

I am not certain whether my opinion is warranted in this letter, however I would not feel right about saying nothing. The accusations against David come as a complete surprise to me based on the person I know. I find David to be an extremely honorable and honest person.

I make each of these statements without reservation. It is my sincere hope the court takes this letter into consideration for his case.

Respectfully,
Todd Dowling

Vice President
Patterson-Stevens, Inc.

August 29,2022

Honorable H. Kenneth Schroeder, Jr
US District Court
Western District of New York
2 Niagara Square
Buffalo, NY. 14202

Re: David Erhardt

Dear Judge Schroeder:

My name is Roberta Carroll.  My husband Dennis and I have known Dave for about Forty
years. He is a close friend to our oldest son, Dennis Jr since grammar school. Dave has
been a part of our family celebrations and he has been there to comfort in sad times.
Knowing him over the years I have no doubt Dave is sincere in his contrition for his
actions and truly acknowledges the consequences for them as well.


Respectfully,

Roberta & Dennis Carroll, Sr

*Roberta J. Carroll*
*Dennis J. Carroll Sr*
233 OAKBROOK DR.
WEST SENECA, NY. 14224

September 8, 2022

Hon. H. Kenneth Schroeder, Jr.

U.S. District Court

Western District of New York

2 Niagara Square Buffalo, New York 14202


RE: David Erhardt

Dear Judge Schroeder:

My name is Renee' Erhardt. I am writing on behalf of my husband, David. We have been together 25 years. For that reason, I have a hard time wrapping my head around this entire situation. I know my husband well and this is completely out of character for him.

As you may know, David has                                          . It is a lengthy recovery. I pray he can remain home, in my care. It isn't going to be an easy time for us. I have been out of work with an injury stemming from an automobile accident. He is my caretaker as well. Not only doing the things I cannot at the moment but supporting us financially.

Your Honor, I am pleading out of love for my husband and family. We realize you have a job to do and we respect your decision. We would be forever grateful, should you rule in favor of a fine instead of incarceration. David is a good man your Honor. We would like the opportunity move on from this and heal ourselves and our family. I believe every day is a new beginning with a chance to do good things, make better decisions, help others and take care of one another. I pray this letter is acceptable and helpful.


Respectfully,

Renee' R. Erhardt